IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Clarence B. Jenkins, Jr., | Case No. 3:25-cv-07256-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Office of South Carolina Governor, South Department of Employment Workforce, South Carolina Department of Administration, South Carolina Human Affairs Commission, South Carolina Department of Public Safety, South Carolina Office of Inspector General, South Carolina Secretary of State, Richland County Government, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's motion to establish judicial misconduct. [Docs. 1; 8; 14.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On July 14, 2025, the Clerk docketed Plaintiff's Complaint. [Doc. 1.] On July 24, 2025, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice and without issuance and service of process. [Doc. 8.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 6.] On August 5, 2025, Plaintiff filed objections to the Report. [Doc. 12.] Plaintiff filed additional

objections to the Report and a motion to establish judicial misconduct on October 21, 2025. [Doc. 14; *see also* Doc. 16.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report explains that Plaintiff's Title VII claim against the South Carolina Department of Employment and Workforce is duplicative and should be dismissed as frivolous; that his Americans with Disabilities Act claim fails to state claim for relief because "[n]owhere in the Complaint does Plaintiff allege that he has a disability or was discriminated against on that basis"; and his claims against all remaining defendants fail because the "Complaint fails to allege facts plausibly suggesting that he applied for and was denied positions with the remaining defendants." [Doc. 8 at 3–5.] In his objections, Plaintiff does not engage the Magistrate Judge's analysis. [Docs. 12; 14.]

2

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process. Plaintiff's motion to establish judicial misconduct [Doc. 14] is DENIED.[*]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

December 8, 2025
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*] Plaintiff's motion merely alleges, in conclusory fashion, that the Magistrate Judge has committed errors and misconduct in this and other particular cases and in dismissing these cases without service of process. [Doc. 14.] He requests that this Court "accept this RESPONSE to justify a lawsuit against All Defendants and to properly apply Justice according to the law(s)." [*Id.* at 3.]

3